## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AB'DULLAH LAMAR RASHID MUHAMMAD, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. CIV-04-688-T |
| SAM CALBONE, Warden, *et al.*, | ) ) ) |
| Defendants. | ) |

### ORDER

Petitioner, a state prisoner appearing *pro se*, brought this action pursuant to 42 U.S.C. §1983 alleging violations of his constitutional rights. The matter was referred to United States Magistrate Judge Bana Roberts, pursuant to 28 U.S.C. §636, for initial proceedings. On March 23, 2005, Judge Roberts issued a Report and Recommendation, recommending Plaintiff's civil rights complaint be dismissed based on Plaintiff's failure to exhaust his administrative remedies. (Doc. No. 32). Petitioner filed an objection to the Report and Recommendation. The matter is at issue.

In the Report and Recommendation, Judge Roberts noted that it appears undisputed that Plaintiff did not fully exhaust the administrative remedies pursuant to the Oklahoma Department of Corrections, Inmate/Offender Grievance Process, OP-090124 prior to commencing this litigation. Specifically, Judge Roberts noted, and Plaintiff does not dispute, that Plaintiff provided documentation supporting – at best –

only his attempts to exhaust the first level of the grievance procedure[1] and there is no evidence tending to demonstrate Plaintiff completed the grievance process. (Report and Recommendation at 7-8.)

In his objection to the Report and Recommendation, Plaintiff continues to argue that his attempts to complete the first level of the grievance process should suffice to demonstrate complete exhaustion of his administrative remedies. (Objection at 2-3.) Plaintiff does not, however, cite any legal authority supporting his position. As it is clear in this Circuit that all levels of the grievance process must be completed prior to commencing litigation, Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002), Plaintiff's objection to the recommendation that his Complaint be dismissed for failure to exhaust his administrative remedies is OVERRULED.

Alternatively, Plaintiff requests that the Court not dismiss but stay this case to allow him to exhaust his administrative remedies. Plaintiff does not, however, cite any authority permitting the Court to stay, rather than dismiss, this litigation. Accordingly, as complete exhaustion is mandatory and a prerequisite to suit, Porter v. Nussle, 534 U.S. 516, 524 (2002), Plaintiff's request that the litigation be stayed pending his attempts to exhaust his administrative remedies is DENIED.

Finally, Plaintiff requests the Court enter an order directing the Defendants to respond to any "re-submitted request to staffs and grievances." (Objection at 4.) Although Plaintiff cites the DOC grievance policy that requires Plaintiff to submit his grievances in a timely manner, Plaintiff fails to identify any legal authority which would authorize this Court to order Defendants to respond to Plaintiff's belated attempts

---

[1] Plaintiff argues that Defendants "have a habit of ignoring and/or out right refusing to address inmates Request to Staff's and Grievance's." (Objection at 2 (capitalization and punctuation as in original).)

to exhaust his administrative remedies. Accordingly, Plaintiff's request that the Court order Defendants to respond to his grievances is DENIED.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Plaintiff's objection (Doc. No. 35) to the Report and Recommendation and ADOPTS Judge Roberts' March 23, 2005, Report and Recommendation (Doc. No. 32) in its entirety. Plaintiff's alternative requests are also DENIED. Plaintiff's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 2nd day of May, 2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE